IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GREGORY K. WHITT,                                                                                    PETITIONER
ADC #158938

v.                                      5:16CV00036-KGB-JJV

WENDY KELLEY,[1] Director,
Arkansas Department of Correction                                                          RESPONDENT

# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

---

[1]Pursuant to Rule 2 of the Rules Governing Section 2254 Cases, the respondent should be the state officer who has custody of the Petitioner. Therefore, Wendy Kelley, Director of the Arkansas Department of Correction, is the appropriate respondent.

2.  Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

On October 1, 2014, a Washington County Circuit Court jury convicted Petitioner Gregory Whitt of jury tampering. (Doc. No. 2.) He was sentenced to six years' imprisonment and a fine of $5000. (*Id.*) He appealed to the Arkansas Court of Appeals, arguing his conviction for jury tampering violated the double jeopardy clause, and there was insufficient evidence to support his conviction. (*Id.*) The Court of Appeals affirmed and outlined the underlying facts as follows:

> Whitt was charged with endangering the welfare of a minor and resisting arrest arising from an altercation with police, who responded to a June 2013 domestic-disturbance call made by his girlfriend. A jury trial took place on March 20, 2014. While on recess, William Winkleman, a juror in the case, encountered Whitt in the bathroom. Winkleman made a comment to Whitt about how he would rather be fishing, and Whitt then told him that his girlfriend had "taken medication" and had "done some wild things." Winkleman tried to change the subject and left the bathroom. When he left, Ashley Richardson, another juror on the case, overheard Whitt say something to the effect that he did not tell authorities that his girlfriend was taking medication on the night of the incident because she was in medical school. After deliberations began but prior to reaching a verdict, Winkleman and Richardson notified the circuit judge of Winkleman's conversation with Whitt and what Richardson had overheard. The circuit judge declared a mistrial and excused the

jury. The circuit judge stated, "Clearly, there is reasonable cause to believe that [Whitt's] in contempt of this court. I'm therefore going to find him, at least for the time being, in contempt of this court, order him transported to the Sheriff of Washington County, incarcerated, and if the Defendant wishes to be heard, although I have a number of matters set for tomorrow, we'll try to hear it tomorrow. So the defendant, Gregory Keith Whitt, will be placed in custody." The following day, on March 21, 2014, Whitt was charged with jury tampering (Class D felony) in violation of Arkansas Code Annotated section 5–53–115 (Repl. 2005).

*Whitt v. State*, 471 S.W.3d 670, 672 (2015). The Court of Appeals affirmed the conviction, and the Arkansas Supreme Court denied review. (Doc. No. 2.)

On February 8, 2016, Mr. Whitt filed the current Petition arguing the same issues adjudicated by the Arkansas Court of Appeals. (Doc. No. 2.) In the Response (Doc. No. 6), the state argues that the Court of Appeals's opinion should be given deference. For the following reasons, I agree.

## II.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") restricted federal habeas courts to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); see also *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if

the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003).

Mr. Whitt contends that his finding of contempt and subsequent conviction for jury tampering are double jeopardy, but the Court of Appeals said Mr. Whitt was never punished for contempt. *Whitt v. State*, 471 S.W.3d 670, 673 (2015). This is evidenced by the fact there was never a hearing or a finding of contempt and, therefore, no punishment. *Id.* This is not contrary to or an unreasonable application of federal law so this claim must be denied.

Mr. Whitt also argues the sufficiency of the evidence of his jury tampering conviction. (Doc. No. 2.) He concedes he spoke to the juror but contends there was not enough evidence to find him guilty because the juror was not wearing a name tag, and the juror admitted the conversation did not affect "any type of decision making." (*Id.* at 7.) The Arkansas Court of Appeals found that the juror recognized Whitt as the defendant after Whitt began speaking and believed Whitt was trying to influence his vote. *Whitt*, 471 S.W.3d at 674. I find this decision was not based on an unreasonable determination of the facts given the evidence presented at the trial. Therefore, this claim too must be dismissed.

### III. PRELIMINARY INJUNCTION

Also pending is Mr. Whitt's Motion for Preliminary Injunction and Motion for Hearing. (Doc. No. 7.) However, an injunction is not cognizable under federal habeas law. A federal court can only entertain an application for writ of habeas corpus if the petitioner is in custody on the grounds that custody is in violation of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Mr. Whitt asks for a preliminary or permanent injunction, a temporary retraining order, and to be placed in federal witness protection or in a federal facility. (Doc. No. 7 at 7.) However, it is unclear what action he wants enjoined. Nevertheless, an injunction is not relief granted by way of a writ of habeas corpus, and his Motion must be dismissed.

### IV. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Whitt's claims do not rise to a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability should not be entered.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) be DISMISSED, and the requested relief be DENIED;

2. The Motion for Preliminary Injunction and Emergency Hearing be DENIED; and

3. A certificate of appealability be DENIED.

    4.    The Clerk of Court shall modify the docket to reflect Respondent is Wendy Kelley, Director of the Arkansas Department of Correction.

DATED this 31st day of May, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE